231 F.2d 654
 NATIONAL LABOR RELATIONS BOARD, Petitioners,
v.
MURPHY'S MOTOR FREIGHT, Inc., and Local 107, International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
& Helpers of America, AFL, Respondents.
 No. 11805.
 United States Court of Appeals Third Circuit.
 Argued March 23, 1956.
Decided April 10, 1956.
 
 Frederick Reel, Washington, D.C. (Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Morris A. Solomon, Attys., N.L.R.B., Washington, D.C., on the brief), for petitioners.
 Raymond J. Bradley, Philadelphia, Pa. (McBride, von Moschzisker & Bradley, Philadelphia, Pa., for Local 107; Ralph S. Croskey, Philadelphia, Pa., for Murphy's Motor Freight, Inc., on the brief), for respondents.
 Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The order of the National Labor Relations Board which we are asked to enforce here requires a labor union, Teamster's Local 107, and an employer, Murphy's Motor Freight, Inc., to make whole Paul C. Yearwood, a recent employee of Murphy's, for loss suffered by him as a result of a discriminatory discharge from the employer's service at the union's insistence.
 
 
 2
 As the matter has been presented to us, the propriety of the board's order depends upon a rather narrow point. The board found, on adequate proof, that when Yearwood sought union clearance for his employment at Murphy's the union demanded that he, as a long suspended member, pay back dues for several years prior to the beginning of his employment at Murphy's. He failed to meet this demand and thereupon the union asked for and obtained his dismissal. It is not argued that the National Labor Relations Act as amended 29 U.S.C.A. § 151 et seq., in its limited protection of the union shop, goes so far as to make lawful the discharge of an employee for failure to liquidate a debt incurred for union dues before the employment in question began. However, the union strongly urges that Yearwood has no valid complaint because he was subject to discharge for failure to pay or tender union dues covering the period of his employment at Murphy's. The board's answer to this is that in demanding all back dues the union indicated that no smaller payment would be accepted. The law does not require a futile tender, and the board concluded that a reasonable person in Yearwood's position would have regarded any tender of payment of back dues limited to the period of employment at Murphy's, as futile. Cf. National Labor Relations Board v. International Ass'n of Machinists, Local No. 504, 9 Cir., 1953, 203 F.2d 173.
 
 
 3
 We have reviewed the record and find substantial support for the board's conclusion that the union's own conduct had made it seem futile to tender less than all of the accrued back dues. Nothing said or done by the union even implied that that any partial payment would be acceptable. Moreover, there was evidence that the union had rejected similar tenders made by Yearwood in efforts to obtain clearance on other jobs.
 
 
 4
 The order of the board will be enforced.